FARNAES & LUCIO, APC
Malte L. Farnaes, Bar No. 222608
malte@farnaeslaw.com
135 Liverpool Drive
Suite C
Cardiff, CA 92007
Telephone: 760.942.9431

Attorneys for Respondent NJOY, INC.

VEDDER PRICE (CA), LLP
Germain D. Labat, Bar No. 203907
glabat@vedderprice.com
Allison W. Meredith, Bar. No. 281962
ameredith@vedderprice.com
1925 Century Park East, Suite 1900
Los Angeles, California 90067
T: +1 (424) 204 7700
F: +1 (424) 204 7702

MURPHY & KING P.C.
Theodore J. Folkman (Admitted Pro Hac Vice)
Tfolkman@murphyking.com
Peter C. Obersheimer (admitted Pro Hac Vice)
PObersheimer@muphyking.com
One Beacon Street, 21st Floor
Boston MA 02108
T:+1 (617) 423-0400
F: +1 (617) 423-0498

Attorneys for Applicant
PHILIP MORRIS PRODUCTS S.A. and
NICOCIGS LIMITED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: APPLICATION OF PHILIP MORRIS PRODUCTS S.A. and NICOCIGS LIMITED FOR ISSUANCE OF SUBPOENAS TO FONTEM HOLDINGS 1 B.V., FONTEM VENTURES B.V., NJOY, INC. and SPARK INSDUSTRIES, LLC. | Case No. 2:16-mc-00005-PA-AGR<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Hon. Alicia G. Rosenberg |

2:16-mc-00005-PA-AGR

WHEREAS, Philip Morris Products S.A. ("PMPSA") and Nicocigs Limited ("Nicocigs") (together, the "Applicants") filed the above application pursuant to 28 U.S.C. §1782 (the "Action") seeking leave to obtain documents for use in the following proceedings against Fontem Holdings 1 B.V. and Fontem Ventures B.V. (together "Fontem"):

- PMPSA's opposition proceeding in the European Patent Office seeking to invalidate Patent EP 2 022 349 (the "EPO Proceeding"); and
- *Nicocigs Ltd. v. Fontem Holdings 1 BV and Fontem Ventures BV* (the "UK Proceeding").

WHEREAS, the application further explained the Applicants' reasonable expectation that they may be engaged in further litigation with Fontem in other international proceedings (together with the EPO and UK Proceeding, the "Foreign Proceedings").

WHEREAS, the Parties to this Action could be prejudiced by the dissemination of certain confidential, sensitive, and proprietary information and trade secrets, as set forth herein; and

WHEREAS, this Proposed Order does not confer blanket protection on all disclosures and discovery responses, but instead affords protection only to the information and items that are entitled to confidential treatment under applicable legal principles;

IT IS HEREBY STIPULATED AND AGREED, by and among the Applicants on the on hand, and Respondent NJOY, Inc. ("NJoy"), on the other hand, (each individually, a "Party" and collectively, the "Parties"), that this Stipulation and Protective Order shall govern the handling of documents, depositions, pleadings, exhibits, and all other information exchanged by the Parties (collectively the "Discovery Material") in this Action for use in the Foreign Proceedings.

## Good Cause Statement

1. Consistent with Federal Rule of Civil Procedure 26(c), good cause exists for the Court to enter this Protective Order with respect to the specific items identified in paragraph 2 because the Parties could be prejudiced by the dissemination of such confidential, sensitive, and proprietary documents, information, and trade secrets as defined California Civil Code §§ 3426, *et seq.*

## Designation of Discovery Materials as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY"

2. The Parties shall have the right to designate as "CONFIDENTIAL" and subject to this Stipulation and Protective Order the following categories of information and Discovery Material:

   (a) Confidential agreements with third parties;

   (b) Confidential financial information;

   (c) Any material that otherwise constitutes a trade secret as that term is defined in California Civil Code § 3426.1(d);

   (d) Documents subject to a pre-existing confidentiality and/or privacy agreement, the terms of which would be violated by production of the documents absent a protective order; and

   (e) Other proprietary and non-public information for which a Party reasonably believes disclosure could have an adverse business or competitive impact.

3. The Parties may discover additional categories of documents that contain confidential and proprietary information in addition to those set forth above. The enumeration of categories above is without prejudice to the Parties' right to seek modification of this Protective Order to include additional categories of information.

2                                      2:16-mc-00005-PA-AGR

LOS_ANGELES/#16167.1

4.     The Parties shall have the right to designate as "ATTORNEYS' EYES ONLY" and subject to this Stipulation and Protective Order any information or Discovery Material produced by a Party that contains highly confidential and proprietary information, including without limitation information that constitutes a protectable trade secret, as that term is defined in California Civil Code § 3426.1 and information for which disclosure could assist another Party in competing with the producing Party.

5.     The designation of Discovery Material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be made by stamping each page of the document containing such information with the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" prior to its production, or by any other method agreed to in writing by counsel for the Parties.

6.     In the case of information or Discovery Material produced by third parties, any Party hereto shall have the right to designate such information or Discovery Material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in the event such information or Discovery Material contains confidential information of the designating Party.  The Party shall have the right to designate such information or Discovery Material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by notifying the other Party of such designation either prior to or within twenty (20) days after the production of such Materials by the third party. All Parties hereto shall thereafter treat such materials as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in accordance with the notice of designation.

7.     Any notes, summaries, compilations, or copies containing "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information or electronic images or databases containing "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information shall be subject to the terms of this Protective Order to the

LOS_ANGELES/#16167.1

same extent as the material or information from which such notes, summaries, compilations, copies, electronic images, or databases is made or derived.

8. Inadvertent failure to designate any information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to this Protective Order shall not constitute a waiver of any otherwise valid claim for protection.

9. The inadvertent disclosure or production of any privileged attorney-client material in connection with this Action shall not be deemed a waiver of that privilege, or to preclude reliance on that privilege, with respect to that information, provided that the producing Party notifies the receiving Party in writing promptly after discovery of such inadvertent disclosure or production. If a Party ascertains that it may have privileged attorney-client material that was inadvertently produced by another, the Party receiving such material shall refrain from examining the material any more than is essential to ascertain if the material is privileged and shall immediately notify the sender that it possesses material that appears to be privileged. No further disclosure or use shall be made of material that a Party ascertains or is notified may be inadvertently produced attorney-client materials other than to challenge the propriety of the asserted privilege and, absent a timely challenge, such material shall promptly be returned to the producing Party.

## Materials Provided for Inspection

10. With respect to all information and Discovery Material provided for inspection by a Party's counsel, designation by stamping or labeling as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" need not be made until copies of the information or Discovery Material are requested after inspection and selection by counsel. Making documents or any other information or Discovery Material available for inspection shall not constitute a waiver of any claim of confidentiality, and all information and Discovery Material provided for inspection

LOS_ANGELES/#16167.1

by a Party's counsel shall be treated as though designated as "ATTORNEYS' EYES ONLY" at the time of the inspection.

## Limitation on Use of Designated Information

11.     Each Party and all persons bound by the terms of this Stipulation and Protective Order shall use any information or Discovery Material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" governed by this Stipulation and Protective Order only for the purpose of the prosecution or defense of the claims asserted in the Foreign Proceedings, or in connection with this Action. No Party or other person shall use, disclose, or release any such information or Discovery Material governed by this Stipulation and Protective Order for any purpose other than the prosecution or defense of said claims.  The attorneys of record for the Parties and other persons receiving such information governed by this Stipulation and Protective Order shall take all reasonable steps to ensure that such information and Discovery Material governed by this Stipulation and Protective Order are (i) used only for the purposes specified herein; and (ii) disclosed only to authorized persons.  Nothing herein shall be construed to limit in any way any Party's use of its own information.

## Restrictions on Disclosure of Materials Designated "CONFIDENTIAL"

12.     Except as otherwise provided by written stipulation of the Parties or by order of the Court, information and Discovery Material designated "CONFIDENTIAL" shall not be disclosed to or discussed with any person except:

   (a)     the Parties and their parents, subsidiaries, and affiliates, including their present and former officers, directors, partners, or employees, to the extent reasonably necessary and only for the purpose of conducting or assisting in the Foreign Proceedings or this Action;

   (b)     the Parties' attorneys of record in the Foreign Proceedings and this Action, the partners, members, associates, and employees of such

5                              2:16-mc-00005-PA-AGR

counsel, and their authorized secretarial and paralegal staffs, to the extent reasonably necessary and only for the purpose of conducting or assisting in the Foreign Proceedings or this Action;

  (c) in-house counsel to the Parties and employees of such counsel, and their authorized secretarial and paralegal staffs, to the extent reasonably necessary and only for the purpose of conducting or assisting in the Foreign Proceedings or this Action;

  (d) the Court and court personnel, deposition officers, court reporters, and videographers used in connection with the Foreign Proceedings or this Action;

  (e) employees of outside copying, printing, binding, or computer input services;

  (f) subject to Paragraph 16, persons who have been retained by any Party (or by its attorneys of record) for the purpose of assisting in the Foreign Proceedings as outside consultants or experts, to the extent reasonably necessary and only for the purpose of conducting or assisting in the Foreign Proceedings;

  (g) subject to Paragraph 16, deposition witnesses, but only for the purposes of the Foreign Proceedings and only (i) at deposition and only to the extent reasonably necessary and (ii) to prepare a witness for deposition and only to the extent reasonably necessary and only when, in good faith, counsel for the witness believes that there is a reasonable likelihood that the witness will be shown the Discovery Material designated "CONFIDENTIAL" at deposition, and deposition witnesses shall not be entitled to retain copies of such Discovery Material; and

  (h) subject to Paragraph 16, such other persons as the Parties may agree or may be ordered by the Court.

13. If only a portion of a document or other Discovery Material designated by a Party as "CONFIDENTAL" reflects confidential and proprietary information as described in paragraph 2 hereof, the designating Party shall, upon request, produce a non-"CONFIDENTIAL" version of the document or other Discovery Material with only the confidential and proprietary information redacted. If the Parties are unable to agree upon whether the redacted portions of any such document or Discovery Material are appropriately designated as "CONFIDENTIAL," the Parties may seek a determination by the Court as provided herein.

### Restrictions on Disclosure of Discovery Designated "ATTORNEYS' EYES ONLY"

14. Except as otherwise provided by written stipulation of the Parties or by order of the Court, information and Discovery Material designated "ATTORNEYS' EYES ONLY" shall not be disclosed or discussed with any person except, on a need-to-know basis:

    (a) the Parties' attorneys of record in the Foreign Proceedings or this Action, the partners, members, associates, and employees of such counsel, and their authorized secretarial and paralegal staffs, to the extent reasonably necessary and only for the purpose of conducting or assisting in the Foreign Proceedings or this Action;

    (b) the Court and court personnel, deposition officers, court reporters, and videographers used in connection with the Foreign Proceedings or this Action;

    (c) employees of outside copying, printing, binding, or computer input services;

    (d) subject to Paragraph 16, persons who have been retained by any Party (or by its attorneys of record) for the purpose of assisting in the Foreign Proceedings as outside consultants or experts, to the extent reasonably

LOS_ANGELES/#16167.1

necessary and only for the purpose of conducting or assisting in the Foreign Proceedings;

(e) subject to Paragraph 16, deposition witnesses, but only for the purposes of the Foreign Proceedings and only (i) at deposition and only to the extent reasonably necessary and (ii) to prepare a witness for deposition and only to the extent reasonably necessary and only when, in good faith, counsel for the witness believes that there is a reasonable likelihood that the witness will be shown the Discovery Material designated "ATTORNEYS' EYES ONLY" at deposition, and deposition witnesses shall not be entitled to retain copies of such Discovery Material; and

(f) subject to Paragraph 16, such other persons as the Parties may agree or may be ordered by the Court

15. If only a portion of a document or other Discovery Material designated by a Party as "ATTORNEYS' EYES ONLY" reflects highly confidential and proprietary information as described in paragraph 4 hereof, the designating Party shall, upon request, produce a non-"ATTORNEYS' EYES ONLY" version of the document or other Discovery Material with only the highly confidential and proprietary information redacted. If the Parties are unable to agree upon whether the redacted portions of any such document or Discovery Material are appropriately designated as "ATTORNEYS' EYES ONLY," the Parties may seek a determination by the Court as provided herein.

**Certification of Persons to Whom Discovery Materials are Disclosed**

16. Prior to disclosure of any Discovery Materials designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to any person described in paragraphs 12(f)-(h) or 13(d)-(f) hereof, such person shall be given a copy of this Stipulation and Protective Order and shall sign a certification in the form of Exhibit A attached hereto. Such signed and completed certification shall be retained by the

attorneys of record for the disclosing Party.  The Party securing such certification shall take reasonable steps to ensure that such persons signing such certifications observe the terms of this Stipulation and Protective Order.

### Designation of Deposition Transcripts

17. Deposition transcripts, or portions thereof, may be designated as subject to this Stipulation and Protective Order either (i) at the time of such deposition, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by the reporter, as the designating Party may direct; or (ii) within fourteen (14) days following receipt of the deposition transcript by providing written notice to the reporter and all counsel of record for the Parties, in which case all counsel receiving such notice shall mark the copies or portions of the designated transcript in their possession or under their control as directed by the designating Party.  All deposition transcripts shall be treated as "CONFIDENTIAL" until the expiration of this fourteen (14) day period unless a different period of time is agreed to between the Parties.

### Disclosure of Discovery Materials Designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to the Court

18. All Discovery Material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" submitted to the Court for consideration in relation to a motion shall be lodged under seal, in compliance with the Federal Rules of Civil Procedure and the Local Rules, or the most comparable applicable rules in the Foreign Proceedings.  Concurrent with the lodging of such documents under seal, the Party so lodging shall also file a memorandum of law seeking permission to file the documents under seal and a proposed order.  Prior to filing such Discovery Material, the Party desiring to file such Discovery Material may request that the designating Party agree that such materials be de-designated as "CONFIDENTIAL"

or "ATTORNEYS' EYES ONLY," and the designating Party shall in good faith agree to such de-designation if such materials may be filed without being lodged under seal.

### Disclosure to Author or Recipient

19.    Notwithstanding any other provisions of this Stipulation and Protective Order, nothing herein shall prohibit counsel for a Party from disclosing information or Discovery Material to any person whom the particular item of information or Discovery Material clearly identifies as an author, addressee, or copy recipient of the particular item of Discovery Material; and, regardless of designation pursuant to this Stipulation and Protective Order, if a document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witness, counsel may discuss such conduct or statements with such witness without revealing any portion of the information or Discovery Material other than that which specifically refers to such conduct or statements, and such discussion shall not constitute disclosure within the terms of this Stipulation and Protective Order.

### Disclosure Pursuant to Subpoena or Other Compulsory Process

20.    If a receiving Party receives a subpoena or other compulsory process commanding the production of information or Discovery Material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," that Party shall promptly notify the designating Party.  The Party receiving the subpoena or compulsory process shall not produce any such information or Discovery Material in response to the subpoena without providing the designating Party reasonable notice so that Party can object to the disclosure if it chooses.  The Party receiving the subpoena or other compulsory process shall not object to the designating Party having a reasonable opportunity to appear in the litigation or process seeking disclosure of information or Discovery Material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," for the sole purpose of seeking to prevent or restrict disclosure thereof.

LOS_ANGELES/#16167.1

## Additional Protections

21.  This Stipulation and Protective Order shall not preclude any Party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery material as they may consider appropriate.

## Challenge to Confidentiality Designation

22.  This Stipulation and Protective Order shall not preclude any Party from (i) claiming that any matter designated hereunder is not entitled to the protections of this Stipulation and Protective Order; (ii) applying to the Court for an order permitting the disclosure or use of information or documents otherwise prohibited by this Stipulation and Protective Order; or (iii) applying for an order modifying this Stipulation and Protective Order in any respect.

23.  No Party shall be obligated to challenge the propriety of any confidentiality designation, and failure to do so shall not preclude a subsequent attack on the propriety of such designation.

## Prior Public Knowledge

24.  This Stipulation and Protective Order shall not apply to any information or Discovery Material that, prior to disclosure, is public information or knowledge, and the restrictions contained in this Stipulation and Protective Order shall not apply to information and Discovery Material that are, or after disclosure become, public knowledge other than by an act or omission of the Party or others subject to this Stipulation and Protective Order to whom such disclosure is made, or that is legitimately and independently acquired from a source not subject to this Stipulation and Protective Order.

## Return of Designated Information

25.  Upon final disposition or resolution of the Foreign Proceedings, upon written request by a designating Party within sixty (60) days after such final

1 disposition or resolution, each Party shall either (i) assemble and return all
2 information and Discovery Material designated "CONFIDENTIAL" or
3 "ATTORNEYS' EYES ONLY," including all copies, to the Party from whom the
4 designated material was obtained or (ii) destroy all such information and Discovery
5 Material, at the option of the Party in possession thereof.

6      26.    Notwithstanding the foregoing, outside counsel of record for each Party
7 may retain for its archives (i) one full set of copies of all pleadings, affidavits,
8 declarations, briefs, memoranda, expert reports, and exhibits and other papers filed
9 in this Action; (ii) one set of transcripts of all testimony taken at any depositions,
10 hearings or trial (with exhibits); and (iii) all of its own work product generated in
11 connection with the Foreign Proceedings or this Action.

12      27.    Any such materials that are not returned or destroyed shall remain
13 subject to this Stipulation and Protective Order, and the Court shall retain
14 jurisdiction to ensure that the terms hereof are not violated.

15 **Modification, Waiver or Termination of Stipulation and Order**

16      28.    No part of the restrictions imposed by this Stipulation and Protective
17 Order may be modified, waived, or terminated, except by the written stipulation
18 executed by counsel of record for each Party, or by an Order of the Court for good
19 cause shown.

20 **Third Party Discovery**

21      29.    Discovery obtained from any third party in response to any subpoena
22 shall be protected in accordance with this Stipulation and Protective Order if such
23 third party requests such protection and complies with the provisions hereof.

24 **No Limitation on Providing Advice to Client**

25      30.    This Stipulation and Protective Order shall not bar any attorney herein
26 in the course of rendering advice to his or her client with respect to this litigation
27 from conveying to any Party client his or her evaluation in a general way of

28

LOS_ANGELES/#16167.1

"CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" material produced or exchanged herein; provided, however, that in rendering such advice and otherwise communicating with his or her Party client, the attorney shall not disclose the specific contents of such material, which disclosure would be contrary to the terms of this Stipulation and Protective Order.

### Headings

31. The headings in this Stipulation and Protective Order are for convenience only and are not intended to affect or alter the text of the paragraphs or the substance of this Stipulation and Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

I, Germain D. Labat, attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: April 22, 2016  VEDDER PRICE LLP

By: /s/ Germain D. Labat
Germain D. Labat
Allison W. Meredith
Theodore J. Folkman (Pro Hac Vice)
Peter C. Obersheimer (Pro Hac Vice)
Attorneys for Applicants
PHILIP MORRIS PRODUCTS S.A. and
NICOCIGS LIMITED

LOS_ANGELES/#16167.1

Dated: April 22, 2016          FARNAES & LUCIO, APC

By: /s/ Malte Farnaes
Malte L. L. Farnaes
Attorneys for Respondent NJOY, INC.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: April 27, 2016

_____
The Honorable Alicia G. Rosenberg
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

1.    I have received a copy of the Stipulation and Protective Order (the "Order") entered by the United States District Court for the Southern District of California (the "Court") in the above-referenced action. I have carefully read and understand all of the provisions of the Order.

2.    I agree to be bound by all of the provisions of the Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Order, and will not copy or use except for purposes of this action, any information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" which I receive in this action.

3.    I understand that a violation of the Order is punishable by contempt of Court, and I hereby consent to the jurisdiction of the Court for the purpose of enforcing the terms and restrictions of the Order.

Name (print)    _____

Address    _____
    _____

Signature    _____    Date: _____

LOS_ANGELES/#16167.1