1  (Counsel listed on signature page)

2

3

4

5

6          *NOTE CHANGES MADE BY THE COURT.*

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11

12  IN RE:  APPLICATION OF PHILIP          Case No. 2:16-mc-00005-PA-AGR
    MORRIS PRODUCTS S.A. and
13  NICOCIGS LIMITED FOR
14  ISSUANCE OF SUBPOENAS TO               [PROPOSED] STIPULATED
    FONTEM HOLDINGS 1 B.V.,
15  FONTEM VENTURES B.V., NJOY,            PROTECTIVE ORDER
16  INC. and SPARK INDUSTRIES, LLC.
17                                         Hon. Alicia G. Rosenberg

18

19

20          *NOTE CHANGES MADE BY THE COURT.*

21

22

23

24

25

26

27

1    WHEREAS, Philip Morris Products S.A. ("PMPSA") and Nicocigs Limited

2    ("Nicocigs") (together, the "Applicants") filed an application pursuant to 28 U.S.C.

3    §1782 (the "Action") seeking leave to obtain documents for use in the following

4    proceedings against Fontem Holdings 1 B.V. and Fontem Ventures B.V. (together

5    "Fontem"):

6         • PMPSA's opposition proceeding in the European Patent Office seeking

7           to invalidate Patent EP 2 022 349, and including any appeals and

8           petitions related to this action (the "EPO Proceeding"); and

9         • *Nicocigs Ltd. v. Fontem Holdings 1 BV and Fontem Ventures BV*

10          brought in the High Court of Justice of England and Wales under the

11          case number HP-2015-000027, and including any appeals related to

12          this action (the "UK Proceeding").

13   WHEREAS, by Order dated May 19, 2016 (Dkt. No. 38), the Court amended

14   *nunc pro tunc* the Applicants' document subpoenas to Fontem to be directed to the

15   Custodian of Records for Perkins Coie LLP ("Custodian");

16   WHEREAS, by the same Order, the Court ordered the parties to file a

17   stipulation for protective order to govern Fontem's production of documents in this

18   Action;

19   WHEREAS, the Parties to this Action could be prejudiced by the

20   dissemination of certain confidential, sensitive, proprietary information, and trade

21   secrets, as set forth herein; and

22   WHEREAS, this Proposed Order does not confer blanket protection on all

23   disclosures and discovery responses, but instead affords protection only to the

24   information and items that are entitled to confidential treatment under applicable

25   legal principles;

26   IT IS HEREBY STIPULATED AND AGREED, by and among the

27   Applicants on the one hand, and Fontem and Custodian on the other hand, (each

1

[PROPOSED] STIPULATED
PROTECTIVE ORDER

1    individually, a "Party" and collectively, the "Parties"), that this Stipulation and

2    Protective Order shall govern the handling of documents, depositions, pleadings,

3    exhibits, and all other information exchanged by the Parties (collectively the

4    "Discovery Material") in this Action for use in the UK Proceeding and the EPO

5    Proceeding.

6                          **Good Cause Statement**

7        1.      Consistent with Federal Rule of Civil Procedure 26(c), good cause

8    exists for the Court to enter this Protective Order with respect to the items

9    identified in paragraphs 2-3 below because the Parties could be prejudiced by

10   the dissemination of such confidential, sensitive, proprietary information, and

11   trade secrets.

12          **Designation of Discovery Materials as "CONFIDENTIAL"**

13          **or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"**

14       2.      The Parties shall have the right to designate as "CONFIDENTIAL" and

15   subject to this Stipulation and Protective Order the following categories of

16   information and Discovery Material:

17          (a)     confidential and non-public proprietary technical or scientific

18   information;

19          (b)     confidential and non-public know-how;

20          (c)     confidential, proprietary or sensitive business or financial

21   information;

22          (d)     confidential and non-public product research and development

23   information;

24          (e)     confidential and non-public customer and supplier information

25   that is the property of Fontem;

26          (f)     confidential and non-public marketing strategies and

27   information;

2

[PROPOSED] STIPULATED
PROTECTIVE ORDER

(g)     confidential and non-public strategic business information including without limitation business plans, manufacturing information, cost information or logistical information;

(h)     any information which is not generally known and which the Designating Party would not normally reveal to third parties or would cause third parties to maintain in confidence; and

(i)     confidential information of a non-party that the Producing Party is bound by a separate confidentiality agreement or court order to maintain in confidence and that the Producing Party is permitted to produce in the Action.

3.     The Parties shall have the right to designate as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (and similar designations, such as "HIGHLY CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "AEO") and subject to this Stipulation and Protective Order the following categories of information and Discovery Material produced by a Party that contains highly confidential and proprietary information, including:

(a)     information that constitutes a protectable trade secret as defined in Cal. Civ. Code § 3426.1(d), and potentially may include highly confidential customer lists, pricing analysis and information, market surveys and competitive research, corporate financial information and analysis, business strategies, and information related to product development, research and releases;

(b)     draft patent applications, invention disclosures, and other information relating to the filing and preparation of patent applications;

(c)     highly confidential research and experimental testing information;

[PROPOSED] STIPULATED
PROTECTIVE ORDER

    (d)    highly confidential information that the Producing Party in good faith believes disclosure to a competitor or to the public could have a significant adverse business or competitive impact; and/or

    (e)    any patent license agreements, settlement agreements, or any documents concerning the proposed terms and negotiations of any such agreements.

4.    The categories of documents listed in paragraphs 2 and 3 above are merely exemplary. Further, the exemplary categories do not per se constitute CONFIDENTAL or ATTORNEYS' EYES ONLY DISCOVERY MATERIAL.

5.    For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the designation of Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be made by stamping each page of the document containing such information with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (or similar designations, such as "HIGHLY CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "AEO") prior to its production. For information produced in electronic form, the designation of Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be made by stamping a slip sheet corresponding to the document produced in electronic form with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (or similar designations, such as "HIGHLY CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "AEO"), or by including "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (or similar designations, such as "HIGHLY

CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "AEO,") in the file name of the electronic document. Discovery Material may also be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by any other method agreed to in writing by counsel for the Parties.

6.      For testimony given in deposition, the Designating Party may identify on the record, before the close of the deposition, all protected testimony and specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). When it is impractical to identify separately each portion of testimony that is entitled to protection at the deposition and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted by providing notice in writing to all parties within 30 days of receipt of the final transcript of the deposition. Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Stipulated Protective Order.

7.      Transcripts containing Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall have an obvious legend on the title page that the transcript contains "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (or similar designations, such as "HIGHLY CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "AEO") information, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated and the level of protection being asserted by the Designating Party. The Designating Party shall inform

5

the court reporter of these requirements. Any transcript that is prepared before the expiration of the 30-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed by the Parties. After the expiration of that period, the transcript shall be treated only as actually designated.

8.     Any notes, summaries, compilations, or copies containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or electronic images or databases containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information shall be subject to the terms of this Protective Order to the same extent as the material or information from which such notes, summaries, compilations, copies, electronic images, or databases is made or derived.

9.     Inadvertent failure to designate any information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Protective Order shall not constitute a waiver of any otherwise valid claim for protection.

10.     The production of Discovery Material which a Party or non-party later claims should not have been produced because of a privilege or protection from discovery, including but not limited to the attorney-client privilege, work product privilege and/or joint defense privilege ("Inadvertently Produced Protected Material") will not be deemed to waive any privileges. Consistent with Fed. R. Civ. P. 26(b)(5)(B), a Party or nonparty may notify the Receiving Party of any Inadvertently Produced Protected Material and the basis for withholding such material. After being notified, the Receiving Party must promptly return, sequester, or destroy the specified information and any

6

[PROPOSED] STIPULATED
PROTECTIVE ORDER

copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the Court in this Action for a determination of the claim. The producing party must preserve the information until the claim is resolved. If a Receiving Party receives Discovery Material that the Receiving Party believes may be Inadvertently Produced Protected Material, it shall notify the Producing Party promptly after it is discovered that the Discovery Protected Material may have been inadvertently or unintentionally produced. No one will use the fact of production of a document over which the producing party later asserts privilege to argue that the inadvertent production in and of itself waives privilege.

### Limitation on Use of Designated Information

11.     Each Party and all persons bound by the terms of this Stipulation and Protective Order shall use any information or Discovery Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" governed by this Stipulation and Protective Order only for the purpose of the prosecution or defense of the claims asserted in the UK Proceeding, the EPO Proceeding, or in connection with this Action. No Party or other person shall use, disclose, or release any such information or Discovery Material governed by this Stipulation and Protective Order for any purpose other than the prosecution or defense of said claims. The attorneys of record for the Parties and other persons receiving such information governed by this Stipulation and Protective Order shall take all reasonable steps to ensure that such information and Discovery Material governed by this Stipulation and Protective Order are (i) used only for the purposes specified

7

herein; and (ii) disclosed only to authorized persons. Nothing herein shall be construed to limit in any way any Party's use of its own information.

### **Restrictions on Disclosure of Materials Designated "CONFIDENTIAL"**

12.     Except as otherwise provided by written stipulation of the Parties or by order of the Court, information and Discovery Material designated "CONFIDENTIAL" shall not be disclosed to or discussed with any person except:

(a)     the Parties, including their present officers, directors, partners, or employees, only to the extent reasonably necessary and only for the purpose of conducting or assisting in the UK Proceeding, EPO Proceeding, or this Action;

(b)     the Parties' outside counsel of record in the UK Proceeding, EPO Proceeding, and this Action, the partners, members, associates, and employees of such counsel, and their authorized secretarial and paralegal staffs, only to the extent reasonably necessary and only for the purpose of conducting or assisting in the UK Proceeding, EPO Proceeding, or this Action;

(c)     in-house counsel to the Parties and employees of such counsel, and their authorized secretarial and paralegal staffs, only to the extent reasonably necessary and only for the purpose of conducting or assisting in the UK Proceeding, EPO Proceeding, or this Action,

(d)     the Court and court personnel, deposition officers, court reporters, and videographers used in connection with the UK Proceeding, EPO Proceeding, or this Action;

8

(e)    employees of outside copying, printing, binding, e-discovery database host vendors, third-party document reviewers, or computer input services;

(f)    persons who have been retained by any Party (or by its attorneys of record) for the purpose of assisting in the UK Proceeding or EPO Proceeding as outside consultants or experts, only to the extent reasonably necessary and only for the purpose of conducting or assisting in the UK Proceeding or the EPO Proceeding and who have signed the certification in the form of Exhibit A attached hereto;

(g)    such other persons as the Parties may agree or may be ordered by the Court, and who have signed the certification in the form of Exhibit A attached hereto.

13.    If only a portion of a document or other Discovery Material designated by a Party as "CONFIDENTAL" reflects confidential and proprietary information as described in paragraph 2 hereof, the designating Party shall, upon a reasonable request, produce a non-"CONFIDENTIAL" version of the document or other Discovery Material with only the confidential and proprietary information redacted. If the Parties are unable to agree upon whether the redacted portions of any such document or Discovery Material are appropriately designated as "CONFIDENTIAL," the Parties may seek a determination by the Court as provided herein. This process is limited to circumstances when the Applicants wish to show or file specific redacted "CONFIDENTIAL" documents to or in the EPO.

**Restrictions on Disclosure of Discovery Designated**

**"ATTORNEYS' EYES ONLY"**

14.    Except as otherwise provided by written stipulation of the Parties or by order of the Court, information and Discovery Material designated "HIGHLY

9

[PROPOSED] STIPULATED
PROTECTIVE ORDER

CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be disclosed or discussed with any person except, on a need-to-know basis:

      (a)    the Parties' outside counsel of record in the UK Proceeding, EPO Proceeding, or this Action, the partners, members, associates, and employees of such counsel, and their authorized secretarial and paralegal staffs, only to the extent reasonably necessary and only for the purpose of conducting or assisting in the UK Proceeding, EPO Proceeding, or this Action;

      (b)    subject to paragraphs 17-19, a single in-house counsel to the Applicants responsible for the UK Proceeding and a single in-house counsel to Applicants responsible for the EPO Proceeding, only to the extent reasonably necessary and only for the purpose of conducting or assisting in the UK Proceeding, EPO Proceeding, or this Action. Except, no in-house counsel will have access to documents further designated "OUTSIDE COUNSEL'S EYES ONLY" including any patent license agreements, settlement agreements, or any documents concerning the proposed terms and negotiations of any such agreements. Applicants' in-house counsel identified herein will not store or retain any documents marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (or similar designations, such as "HIGHLY CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "AEO") in a location that is accessible by any individual prohibited from access to those documents pursuant to this Stipulation and Protective Order and will not print download or otherwise retain copies of the documents;

      (c)    the Court and court personnel, deposition officers, court reporters, and videographers used in connection with the UK Proceeding, EPO Proceeding, or this Action;

10

[PROPOSED] STIPULATED
PROTECTIVE ORDER

  (d) employees of outside copying, printing, binding, e-discovery database host vendors, third-party document reviewers, or computer input services;

  (e) subject to Paragraphs 20-22, persons who have been retained by any Party (or by its attorneys of record) for the purpose of assisting in the UK Proceeding or EPO Proceeding as outside consultants or experts, only to the extent reasonably necessary and only for the purpose of conducting or assisting in the UK Proceeding or the EPO Proceeding, and who have signed the certification in the form of Exhibit A attached hereto;

  (f) such other persons as the Parties may agree or may be ordered by the Court, and who have signed the certification in the form of Exhibit A attached hereto.

15. If only a portion of a document or other Discovery Material designated by a Party as "ATTORNEYS' EYES ONLY" reflects highly confidential and proprietary information as described in paragraph 3 hereof, the designating Party shall, upon request, produce a non-"CONFIDENTIAL" version of the document or other Discovery Material with only the confidential and proprietary information redacted. If the Parties are unable to agree upon whether the redacted portions of any such document or Discovery Material are appropriately designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Parties may seek a determination by the Court as provided herein. This process is limited to circumstances when the Applicants wish to show or file specific redacted "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" documents to or in the EPO.

[PROPOSED] STIPULATED
PROTECTIVE ORDER

**Certification of Persons to Whom Discovery Materials are Disclosed**

16.     Any signed and completed certifications in the form of Exhibit A attached hereto shall be retained by the attorneys of record for the disclosing Party. The Party securing such certification shall take reasonable steps to ensure that such persons signing such certifications observe the terms of this Stipulation and Protective Order. Upon a showing of good cause (e.g., knowledge of any improper disclosure of Discovery Material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY"), the Party retaining such certifications shall provide all certifications it has retained to the designating Party.

**Procedures for Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information to In-House Counsel**

17.     Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to a single in-house counsel to the Applicants responsible for the UK Proceeding and/or a single in-house counsel to Applicants responsible for the EPO Proceeding of any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the in-house counsel, (2) sets forth the full name and job title of the in-house counsel, (3) and such counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine present or potential involvement in any competitive-decision making.

18.     A Party that makes a request and provides the information specified in the preceding respective paragraph may disclose the subject Protected

[PROPOSED] STIPULATED
PROTECTIVE ORDER

Material to the identified outside consultant or expert unless, within 10 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must be made in good faith and must set forth in detail the grounds on which it is based.

19.     A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the in-house counsel must seek a discovery conference with the Court for resolution of the dispute. Any such request for a discovery conference must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the in-house counsel is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk.  In addition, any such request must be accompanied by a competent declaration describing the Parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

### Procedures for Disclosure of
### "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"
### Information to Outside Consultants or Experts

20.     Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an outside consultant or expert any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information

13

[PROPOSED] STIPULATED
PROTECTIVE ORDER

1    that the Receiving Party seeks permission to disclose to the outside consultant

2    or expert, (2) sets forth the full name of the outside consultant or expert and

3    the city and state of his or her primary residence, (3) attaches a copy of the

4    outside consultant or expert current resume, (4) identifies the outside

5    consultant or expert's current employer(s), (5) identifies each person or entity

6    from whom the outside consultant or expert has received compensation or

7    funding for work in his or her areas of expertise or to whom the expert has

8    provided professional services, including in connection with a litigation, at

9    any time during the preceding four years, and (6) identifies (by name and

10    number of the case, filing date, and location of court) any litigation in

11    connection with which the outside consultant or expert has offered expert

12    testimony.

13    21.    A Party that makes a request and provides the information specified in

14    the preceding respective paragraph may disclose the subject Protected

15    Material to the identified outside consultant or expert unless, within 10 days

16    of delivering the request, the Party receives a written objection from the

17    Designating Party. Any such objection must set forth in detail the grounds on

18    which it is based. The Designating Party shall not assert an objection

19    providing the expert is independent (i.e. not presently or within the last four

20    years employed by or working as a consultant (outside of these litigations) for

21    a Party or a direct competitor of a Party.

22    22.    A Party that receives a timely written objection must meet and confer

23    with the Designating Party (through direct voice to voice dialogue) to try to

24    resolve the matter by agreement within seven days of the written objection. If

25    no agreement is reached, the Party seeking to make the disclosure to the

26    outside consultant or expert may request a discovery conference with the

27    Court for resolution of the dispute. Any such request for a discovery

[PROPOSED] STIPULATED
PROTECTIVE ORDER

1   conference must describe the circumstances with specificity, set forth in detail

2   the reasons why the disclosure to the outside consultant or expert is

3   reasonably necessary, assess the risk of harm that the disclosure would entail,

4   and suggest any additional means that could be used to reduce that risk. In

5   addition, any such request must be accompanied by a competent declaration

6   describing the Parties' efforts to resolve the matter by agreement (i.e., the

7   extent and the content of the meet and confer discussions) and setting forth

8   the reasons advanced by the Designating Party for its refusal to approve the

9   disclosure. In any such proceeding, the Party opposing disclosure to the

10  outside consultant or expert shall bear the burden of proving that the risk of

11  harm that the disclosure would entail (under the safeguards proposed)

12  outweighs the Receiving Party's need to disclose the Protected Material to its

13  outside consultant or expert.

14  <u>**Disclosure of Discovery Materials Designated as**</u>

15  <u>**"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES**</u>

16  <u>**ONLY" to the Courts**</u>

17  23.    All Discovery Material designated as "CONFIDENTIAL" or

18  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" submitted to

19  the Court in this Action for consideration in relation to a motion shall be

20  lodged under seal, in compliance with the Federal Rules of Civil Procedure

21  and the Local Rules. Prior to filing such Discovery Material in this Action,

22  the Party desiring to file such Discovery Material may request that the

23  designating Party agree that such materials be de-designated as

24  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

25  EYES ONLY," and the designating Party shall in good faith agree to such de-

26  designation if such materials may be filed without being lodged under seal

27  without prejudice to the designating Party.

15

[PROPOSED] STIPULATED
PROTECTIVE ORDER

24.     All Discovery Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may only be submitted to the Court or otherwise used or relied upon in the UK Proceeding in relation to a motion, hearing, trial, or any other matter open to the public on the condition that the Discovery Material is not disclosed to the public and confidentiality is maintained except where there is prior written agreement of the Parties or Order of the UK Court to the contrary. Prior to filing such Discovery Material or using such Discovery Material in the UK Proceeding, the Party desiring to file or use such Discovery Material may request that the designating Party agree that such materials be de-designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and the designating Party shall in good faith agree to such de-designation if such materials may be filed or used without restriction without prejudice to the designating Party.

25.     No Discovery Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be submitted in the EPO Proceeding or otherwise used or relied upon in the EPO Proceeding in relation to a hearing or any other matter open to the public, without obtaining advanced written assurance from the EPO that such information will be kept confidential and not disclosed in any manner to the public. Except, a Party desiring to file or use such Discovery Material in the EPO Proceeding may request that the designating Party agree that such materials be de-designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and the designating Party shall in good faith agree to such de-designation unless the Party reasonably believes their disclosure will have an adverse business or competitive impact on the designating Party. Such materials may then be filed

16

without being lodged under seal or used without restriction in the EPO Proceeding without prejudice to the designating Party.

### Disclosure to Author or Recipient

26.     Notwithstanding any other provisions of this Stipulation and Protective Order, nothing herein shall prohibit counsel for a Party from disclosing information or Discovery Material to any person whom the particular item of information or Discovery Material clearly identifies as an author, addressee, or copy recipient of the particular item of Discovery Material; and, regardless of designation pursuant to this Stipulation and Protective Order, if a document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witness, counsel may discuss such conduct or statements with such witness without revealing any portion of the information or Discovery Material other than that which specifically refers to such conduct or statements, and such discussion shall not constitute disclosure within the terms of this Stipulation and Protective Order.

### Disclosure Pursuant to Subpoena or Other Compulsory Process

27.     If a receiving Party receives a subpoena or other compulsory process commanding the production of information or Discovery Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party shall promptly notify the designating Party. The Party receiving the subpoena or compulsory process shall not produce any such information or Discovery Material in response to the subpoena without providing the designating Party reasonable notice so that Party can object to the disclosure if it chooses. The Party receiving the subpoena or other compulsory process shall not object to the designating Party having a reasonable opportunity to appear in the litigation or process seeking disclosure of information or Discovery Material designated as

17

[PROPOSED] STIPULATED
PROTECTIVE ORDER

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," for the sole purpose of seeking to prevent or restrict disclosure thereof. The Party receiving the subpoena or other compulsory process shall cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Discovery Material may be affected.

### Additional Protections

28.    This Stipulation and Protective Order shall not preclude any Party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery material as they may consider appropriate.

### Challenge to Confidentiality Designation

29.    This Stipulation and Protective Order shall not preclude any Party from (i) claiming that any matter designated hereunder is not entitled to the protections of this Stipulation and Protective Order; (ii) applying to the Court for an order permitting the disclosure or use of information or documents otherwise prohibited by this Stipulation and Protective Order; or (iii) applying for an order modifying this Stipulation and Protective Order in any respect.

30.    No Party shall be obligated to challenge the propriety of any confidentiality designation, and failure to do so shall not preclude a subsequent attack on the propriety of such designation.

### Prior Public Knowledge

31.    This Stipulation and Protective Order shall not apply to any information or Discovery Material that, prior to disclosure, is public information or knowledge, and the restrictions contained in this Stipulation and Protective Order shall not apply to information and Discovery Material that are, or after disclosure become, public knowledge other than by an act or omission of the Party or others subject to this Stipulation and Protective Order

18

[PROPOSED] STIPULATED
PROTECTIVE ORDER

1  to whom such disclosure is made, or that is legitimately and independently

2  acquired from a source not subject to this Stipulation and Protective Order.

3  **Return of Designated Information**

4  32.    Within forty-five (45) days of the final disposition or resolution of the

5  latter occurring disposition between the UK Proceeding and the EPO

6  Proceeding, including all appeals and further petitions related to such

7  proceedings, each Party shall either (i) assemble and return all information

8  and Discovery Material designated "CONFIDENTIAL" or "HIGHLY

9  CONFIDENTIAL – ATTORNEYS' EYES ONLY," including all copies, to

10  the Party from whom the designated material was obtained or (ii) destroy all

11  such information and Discovery Material, at the option of the Party in

12  possession thereof.

13  33.    Notwithstanding the foregoing, outside counsel of record for each Party

14  may retain for its archives (i) one full set of copies of all pleadings, affidavits,

15  declarations, briefs, memoranda, expert reports, and exhibits and other papers

16  filed in this Action; (ii) one set of transcripts of all testimony taken at any

17  depositions, hearings or trial (with exhibits); and (iii) all of its own work

18  product generated in connection with the UK and EPO Proceedings or this

19  Action.

20  34.    Any such materials that are not returned or destroyed shall remain

21  subject to this Stipulation and Protective Order, and the Court shall retain

22  jurisdiction to ensure that the terms hereof are not violated.

23  **Modification, Waiver or Termination of Stipulation and Order**

24  35.    No part of the restrictions imposed by this Stipulation and Protective

25  Order may be modified, waived, or terminated, except by the written

26  stipulation executed by counsel of record for each Party, or by an Order of the

27  Court for good cause shown.

19

[PROPOSED] STIPULATED
PROTECTIVE ORDER

## No Limitation on Providing Advice to Client

36.     This Stipulation and Protective Order shall not bar any attorney herein in the course of rendering advice to his or her client with respect to this litigation from conveying to any Party client his or her evaluation in a general way of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material produced or exchanged herein; provided, however, that in rendering such advice and otherwise communicating with his or her Party client, the attorney shall not disclose the specific contents of such material, which disclosure would be contrary to the terms of this Stipulation and Protective Order.

## Headings

37.     The headings in this Stipulation and Protective Order are for convenience only and are not intended to affect or alter the text of the paragraphs or the substance of this Stipulation and Order.

IT IS SO ORDERED.

DATED: 6/2/2016

*Alicia G. Rosenberg*

UNITED STATES MAGISTRATE JUDGE

20

[PROPOSED] STIPULATED
PROTECTIVE ORDER

Dated:  June 1, 2016          MURPHY & KING, P.C.


By: /s/ Peter C. Obersheimer
       Germain D. Labat
       Allison W. Meredith
       Theodore J. Folkman (Pro Hac Vice)
       Peter C. Obersheimer (Pro Hac Vice)
       Attorneys for Applicants
       PHILIP MORRIS PRODUCTS S.A. and
       NICOCIGS LIMITED


Dated:  June 1, 2016          PERKINS COIE LLP


By: /s/ Joseph P. Hamilton
       Michael J. Wise, Bar No. 143501
       MWise@perkinscoie.com
       Joseph P. Hamilton, Bar No. 211544
       JHamilton@perkinscoie.com
       Michael J. Song, Bar No. 243675
       MSong@perkinscoie.com
       PERKINS COIE LLP
       1888 Century Park East, Suite 1700
       Los Angeles, CA 90067-1721
       Telephone: 310.788.9900
       Facsimile: 310.788.3399

       Attorneys for FONTEM VENTURES
       B.V. and FONTEM HOLDINGS 1
       B.V.

21

[PROPOSED] STIPULATED
PROTECTIVE ORDER

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

IN RE:  APPLICATION OF PHILIP MORRIS PRODUCTS S.A. and NICOCIGS LIMITED FOR ISSUANCE OF SUBPOENAS TO FONTEM HOLDINGS 1 B.V., FONTEM VENTURES B.V., NJOY, INC. and SPARK INDUSTRIES, LLC.

Case No. 2:16-mc-00005-PA-AGR

**STIPULATED PROTECTIVE ORDER**

Hon. Alicia G. Rosenberg

1.　　I have received a copy of the Stipulation and Protective Order (the "Order") entered by the United States District Court for the Central District of California (the "Court") in the above-referenced action. I have carefully read and understand all of the provisions of the Order.

2.　　I agree to be bound by all of the provisions of the Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Order, and will not copy or use except for purposes of this action, any information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" which I receive in this action.

3.　　I understand that a violation of the Order may be punishable by contempt of Court, and I hereby consent to the jurisdiction of the Court for the purpose of enforcing the terms and restrictions of the Order.

STIPULATED PROTECTIVE ORDER

1

2  Name (print): _____

3  Address: _____

4  _____

5

6  Signature: _____   Date: _____

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

2

STIPULATED PROTECTIVE ORDER